UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| VINCENT D. WOODRUFF, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 2:13-0085 |
| v. ) | Judge Sharp/Brown |
| ) | **Jury Demand** |
| W.B. MELTON, SHANNON HARVEY, ) | |
| JOHN McCLOUD, and DEBBIE DECK, ) | |
| ) | |
| Defendants ) | |

## O R D E R

The Plaintiff has filed a motion for evidentiary discovery (Docket Entry 20). In this motion he lists a number of items he requests in discovery from various of the Defendants. The motion as such is **DENIED**. Discovery requests should be sent to the attorneys for the Defendants. The Court will only become involved if the Defendants file a motion for a protective order or the Plaintiff files a motion to compel after the Defendants have declined to respond. Parties have 30 days after discovery requests are served to respond. The actual discovery request should not be filed with the court unless there is an actual discovery dispute.

In reviewing the case file, the Plaintiff has sought to sue John McCloud. The United States Marshals Service has returned that summons unexecuted with the notation that the address for Mr. McCloud is not valid.

The Plaintiff should provide the court with a valid address so that service may again be attempted. The Plaintiff is cautioned that failure to obtain service of process on a defendant

within 120 days can result in the dismissal of the claims against that defendant, absent a motion requesting an extension of time with good cause shown.

The Magistrate Judge will enter a scheduling order in this matter once the service of process on the Mr. McCloud has either been accomplished or it is apparent that claims against him will have to be dismissed for failure to obtain service of process.

The Plaintiff is cautioned that as a *pro se* Plaintiff he may only represent claims that are personal to him. A brief review of his complaint seems to indicate that he is attempting to file claims on behalf of other individuals and to raise issues concerning his conviction. Issues concerning his conviction normally require requests for relief through the state system. Federal relief is generally only obtainable through a petition for *habeas corpus* after a petitioner has exhausted his state remedies in the criminal matter.

The stay of discovery is lifted as to those Defendants that have been served.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

2